J. A06001/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT L. PAULETTA, JR, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS HAMILTON and | : | |
| THERESA HAMILTON, | : | |
| | : | |
| | : | No. 1474 MDA 2015 |

Appeal from the Order Entered August 14, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No.: 2014 CV 3177

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 24, 2016**

Appellant Robert L. Pauletta, Jr., plaintiff below, appeals *pro se* from the Order dated August 14, 2015, granting summary judgment to Appellees Theresa and Thomas Hamilton, defendants below. After careful review, we affirm.

In 2008, Appellant entered into a business relationship with Appellees, husband and wife, to acquire, rehabilitate, and sell properties for a profit.

In October 2010, Appellant started working for Mid-Atlantic Corporate Federal Credit Union ("Mid-Atlantic") as a temporary Senior Loan Officer. Mid-Atlantic hired Appellant through Aerotek Professional Services ("Aerotek"), a temporary employment agency. Appellant's employment contract with Aerotek provided for employment at its client Mid-Atlantic "for

a temporary period[.]" Aerotek Employment Agreement, dated 10/14/10, at 1. Appellant continuously worked with Mid-Atlantic through Aerotek for nearly two years until August 2012.

The parties had disagreements over their business venture, and in August 2012 Appellees started sending Appellant threatening text messages and harassing him with phone calls. When Appellees threatened to come to Mid-Atlantic and cause problems for Appellant, Appellant informed his supervisors at Mid-Atlantic of the threatening messages and phone calls on August 13, 2012. Appellant believed it was necessary to alert his supervisors for the safety of the other Mid-Atlantic employees. After listening to Appellant's report and viewing the threatening messages, Mid-Atlantic contacted the local police department.

Police Officer Daniel Tingle responded to Mid-Atlantic and spoke with Appellant. After briefly viewing the threatening messages, Officer Tingle cautioned Appellant that his text messages inflamed the situation and told Appellant he should not contact Appellee Thomas Hamilton. "Call Summary Report" authored by Officer Tingle, dated 8/13/12, at 1-2.

Officer Tingle also spoke with Appellee Thomas Hamilton and warned him that he should not contact Appellant directly and that he should stay away from Mid-Atlantic or risk an arrest for criminal trespass. *Id*. Officer Tingle advised Appellant and Mid-Atlantic that Appellee Thomas Hamilton

requested a "no trespass letter" and confirmed they would send the letter to Appellee's address. *Id*. Officer Tingle filed his report on August 13, 2012.

Later that evening, a representative of Aerotek informed Appellant that Mid-Atlantic had decided to terminate Appellant's temporary employment contract and that he should not return to work the next day.

On April 8, 2014, Appellant filed a *pro se* Complaint against Appellees seeking $472,814.89 in damages for lost wages, and $1,418,444.67 in punitive damages and treble damages for pain and suffering.

Appellees filed preliminary objections to Appellant's Complaint, which the trial court sustained following a hearing on December 5, 2014. The court concluded that Appellant failed to state a cause of action and failed to plead facts against Appellee Theresa Hamilton with specificity. Trial Court Order, dated 12/5/14, at 1. The trial court granted Appellant leave to file an Amended Complaint within 20 days. *Id*.

Appellant filed an Amended Complaint on December 10, 2014, asserting a claim of Tortious Interference with Contractual Relations. Appellees filed an Answer on December 30, 2014.[1] Appellees filed a Motion for Summary Judgment on February 5, 2015, attaching Appellant's

---

[1] The scant certified record does not contain much information about the discovery proceedings in this matter or the documentary evidence obtained. The parties refer to several items, however, including interrogatories, Appellant's Aerotek Employment Agreement, and the Call Summary Report authored by Officer Tingle, some of which made their way into the record appended to various pleadings, in whole or in part.

employment agreement with Aerotek and several of Appellant's answers to interrogatories. Appellant responded with general denials and again attached the Call Summary Report authored by Officer Tingle. He conducted no further discovery.

After additional briefing by the parties and a hearing, the trial court granted Appellees' Motion for Summary Judgment on August 14, 2015, concluding as a matter of law that Appellant failed to set forth a *prima facie* case with respect to Appellees' intent, Appellees' actual interference with Appellant's contractual relationship with Mid-Atlantic, and causation regarding any damage attributable to Appellees. Trial Court Memorandum and Order, filed 8/14/15, at 2.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two issues for our review:

(1) [Are] there more genuine issues of any material facts as to a necessary element of the cause of action[,] which could be established by additional discovery or expert report?

(2) Is Defendant/Appellee relying on mere denials in their [M]otion for Summary Judgment?

Appellant's Brief at 2-3.

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." ***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (citation

and quotation omitted); ***see also*** Pa.R.C.P. No. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." ***Summers***, ***supra*** at 1159 (citation omitted). "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment 'where the right to such judgment is clear and free from all doubt.'" ***Id***. (citation omitted).

"Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment." ***Truax v. Roulhac***, 126 A.3d 991, 997 (Pa. Super. 2015) (citation and quotation omitted). "Further, failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***Id.*** (citation and internal quotation marks omitted).

> On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

**Summers**, **supra** at 1159 (citations and internal quotation marks omitted).

"If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied." **Truax**, **supra** at 997 (citation and quotation omitted).

In his first issue, Appellant avers that genuine issues of material fact exist and that the trial court erred in granting Appellees' Motion for Summary Judgment. Appellant's Brief at 2, 6. Appellant contends that he has set forth a *prima facie* case for tortious interference, that there are genuine issues of material fact,[2] and that it is clear that Appellees were not entitled to summary judgment as a matter of law. **Id**. at 6-8.

In order to hold a defendant liable for Tortious Interference with Contractual Relations, whether existing or prospective, the plaintiff must prove the following four elements:

(1) The existence of a contractual, or prospective contractual relation between the complainant and a third party;

(2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;

(3) the absence of privilege or justification on the part of the defendant; and

---

[2] Appellant contends the following present genuine issues of material fact: (1) "The purpose or intent to harm the [Appellant] by preventing the relation from occurring; (2) "The absence of privilege or justification on the part of the [Appellee]"; and (3) "The occasioning of actual damage resulting from the [Appellee]'s conduct[.]" Appellant's Brief at 4.

(4) the occasioning of actual legal damage as a result of the defendant's conduct.

***Reading Radio, Inc. v. Fink***, 833 A.2d 199, 211 (Pa. Super. 2003) (citation and quotation omitted).

The trial court explained in its Pa.R.A.P. 1925(a) Opinion that it granted summary judgment because:

> [Appellant] has failed to provide any evidence that [Appellees] had any purpose or intent to harm him by preventing his employment at [Mid-Atlantic]. [Appellant] has failed to put forth evidence to support [Appellees]' intent to interfere with the contractual relationship with [Mid-Atlantic], nor has [Appellant] provided any evidence that [Appellees] actually interfered with said relationship.
>
> [Appellant] has failed to provide evidence that any damage was attributable to [Appellees]. While it is not in dispute that [Appellant]'s employment at [Mid-Atlantic] was terminated, there is no evidence in the record to establish that his termination was the result of any of the allegations made against [Appellees].

Trial Court Memorandum and Order, filed 8/14/15, at 2.

We agree with the trial court's assessment. Based on our review of the certified record, Appellant failed to provide any evidence of Appellees' intent, or "purposeful action" intended to harm Appellant's relationship with Mid-Atlantic. Although the police report mentions in the narrative portion of the report that Officer Tingle "review[ed] the text messages on [Appellant]'s phone briefly[,]" Appellant did not offer any of the actual text messages or any phone records. "Call Summary Report" authored by Officer Tingle, dated 8/13/12, at 1. Although the police report mentions that Appellee

Thomas "Hamilton did threaten to come to [Appellant's] work place[,]" ***id***., Appellant failed to provide any evidence of Appellees' intent to interfere with Appellant's relationship with Mid-Atlantic or Aerotek.

Moreover, Appellee Thomas Hamilton sent these communications to Appellant rather than Mid-Atlantic or Aerotek. Appellant failed to provide any evidence of Appellees' actions that actually interfered with Appellant's relationship with Mid-Atlantic or Aerotek. Appellant reported Appellee's communications to his supervisors at Mid-Atlantic.

Accordingly, the trial court did not err or abuse its discretion in granting Appellees' Motion for Summary Judgment.

In his second issue, Appellant avers that Appellees improperly relied on "mere denials" in their Motion for Summary Judgment in derogation of Pa.R.C.P. No. 1035.3.

Rule 1035.3 ("Response. Judgment for Failure to Respond") provides:

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to

justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

(c) The court may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such other order as is just.

(d) Summary judgment may be entered against a party who does not respond.

(e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.

(2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in the written opinion or on the record.

Pa.R.C.P. No. 1035.3.

Appellant misreads Rule 1035.3 as it applies here. Appellees made the Motion for Summary Judgment; accordingly, Appellant was the "adverse party" under Rule 1035.3. Starting from his flawed premise, Appellant mischaracterizes the relative burdens and erroneously argues that Appellees failed to carry their burden.[3] In light of this proper reading of Rule 1035.3, Appellant actually failed to appropriately address Appellees' Motion for

---

[3] In fact, the certified record belies Appellant's assertion. Appellees included Appellant's employment agreement with Aerotek in their Motion for Summary Judgment. Additionally, Appellees attached several of Appellant's answers to interrogatories to supplement their Motion for Summary Judgment.

Summary Judgment and instead relied on "mere allegations or denials of the pleadings" in his response. Pa.R.C.P. No. 1035.3.

In fact, Appellant's response to Appellees' Motion for Summary Judgment consisted of mere admissions or denials based on the pleadings, specifically, his Complaint. "Objections to [Appellees'] Motion for Summary Judgment," dated 2/26/15, at 1-5. Appellant also did not invoke Rule 1035.3(c) to supplement the record through affidavits, depositions, or other additional discovery. Pa.R.C.P. No. 1035.3(c). Thus, it was Appellant who failed to comply with Rule 1035.3.

Accordingly, the trial court did not err as a matter of law or abuse its discretion in granting Appellees' Motion for Summary Judgment.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2016